**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

ICE CAP ADVENTURES LTD. and                    Case No. 26cv21832
DAVID KELLY,

     *Plaintiffs,*

v.

OLIVER QI WANG, and RENNA HU

     *Defendants.*

_____/

## **COMPLAINT**

Plaintiffs ICE CAP ADVENTURES LTD. ("Ice Cap") and DAVID KELLY ("Kelly") hereby file this Complaint against Oliver Qi Wang ("Wang") and Renna Hu ("Hu") and in support thereof state as follows:

### **THE PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Ice Cap is a private company limited by shares incorporated under the laws of Ireland with its principal place of business located at 74 Mountain Close, Cartron View, Sligo, Ireland F91Y7K3.

2. Plaintiff Kelly is an individual domiciled in Portugal.

3. On information and belief, Defendant Oliver Qi Wang is an individual domiciled in California at 33 Park Rd Apt 13 Burlingame, CA 94010.

4. On information and belief, Defendant Renna Hu is an individual domiciled in California at 33 Park Rd Apt 13 Burlingame, CA 94010.

5. This Court has personal jurisdiction over Defendants Oliver Wang and Renna Hu because they purposefully directed tortious conduct toward Florida, including communications with Florida residents, publication of defamatory statements accessible in Florida, and operation

1

of a race event in Miami, Florida. Personal jurisdiction is therefore proper under the Florida long arm statute and the United States Constitution.

6.      This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000.00.

7.      Venue is proper in this district under 28 U.S.C. § 1391(b) because the substantial events giving rise to this Complaint occurred in this district.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

8.      Mr. Kelly is a doctor and international endurance athlete. He has combined both of his passions by attending sporting events all over the world as a participant, spectator, supporter, and on occasion to provide medical back up care to other athletes, at times for no compensation.

9.      Given his involvement in endurance events since his teenage years, Mr. Kelly became aware of a "7x7x7 Challenge" by Ranulph Fiennes and Dr. Michael Stroud in 2003, in which the runners were the first to attempt to complete seven marathons on seven continents in seven days. For reference, a selection of media stories that covered the challenge is attached hereto as **Composite Exhibit 1,** including a Runner's World cover page in February 2004 that headlined the feat as "7 Marathons, 7 Continents, 7 Days: One Amazing Story."

10.      After this initial challenge by Mr. Fiennes and Mr. Stroud, other athletes across the world, including Mr. Kelly, became interested in this niche of endurance events. For example, a man by the name of Dave Heeley claimed to have completed a "777 Challenge" in 2008, as evidenced by **Exhibit 2** hereto.

11.      In 2009, Richard Donovan also ran 7 marathons on 7 continents in under 7 days and acknowledged Ranulph Fiennes and Mike Stroud as the originators of the "777" concept in

intercontinental marathon running. The cover page of Runner's World magazine attached hereto as **Exhibit 3** referenced his solo challenge as "7 Marathon 7 Continents 6 Days," to accurately describe the athletic feat completed by Mr. Donovan.

12.     In addition, a "777 Marathon Challenge" was also attempted by a group of six runners in 2015. This was reported in Runner's World, the Daily Telegraph, and one of the runner's blogs. *See* **Composite Exhibit 4.**

13.     Furthermore, a commercial event titled "Triple 7 Quest" was hosted in 2015 by a company called Marathon Adventures, LLC, which likewise promoted the concept of running seven marathons on seven continents in seven days. Several news articles reporting on the "Triple 7 Quest" from 2015 through 2017 are attached hereto as **Composite Exhibit 5**.

14.     Mr. Kelly is the owner of Ice Cap.

15.     In 2023, also inspired by the initial "7x7x7 Challenge" by Ranulph Fiennes and Dr. Michael Stroud in 2003, Ice Cap began advertising and ultimately organizing an event called The Great World Race ("TGWR"), in which participants run seven marathons on      seven continents in seven      days.

16.     Defendants Wang and Hu are the owners and directors of Runbuk, Inc.

17.     In December of 2022, Runbuk signed an agreement to purchase an event known as the World Marathon Challenge ("WMC") from Richard Donovan. The premise behind the WMC is that participants run seven marathons in seven continents in seven days.

18.     TGWR and WMC are currently the only two events of their kind worldwide.

19.     Hu and Wang organize WMC's North American race in Miami, Florida.

3

20.     Rather than competing fairly, Mr. Wang and Ms. Hu engaged in a pattern of harassment and intimidation, and disseminating defamatory statements about TGWR, Ice Cap, and Kelly, all in an attempt to eliminate TGWR as a competing event.

21.     To this effect, in December of 2023, Mr. Wang and Ms. Hu created a website and social media accounts called the "Not Great World Race" to discredit TGWR and Ice Cap. *See* **Composite Exhibit 6.**

22.     The "Not Great World Race" social media account is accessible from Florida, and Florida residents can read the statements posted therein, which are still publicly available as of the filing of this lawsuit.

23.     Through this account, Mr. Wang and Ms. Hu falsely accuse TGWR of using deceptive and dishonest tactics to mislead the public. An example of some of the posts in this social media account is reproduced below for the Court's convenience:



**Not Great World Race · Follow**
2h · 

This page aims to reveal misleading information in marathon events worldwide, assisting runners in making informed decisions about which marathons to join. Let's begin with 'The Great World Race', which actually inspired the creation of this fb page/web app.

'The Great World Race' used copyrighted images from legitimate marathons to falsely portray its offerings. Additionally, it employed deceptive tactics, such as manipulating its web URL with content from the authentic marathon it imitated, attempting to deceive search engine crawlers and mislead the public. While 'The Great World Race' was endorsed by the previous race director of the marathon it sought to replicate, it's essential to note that this endorsement doesn't validate 'The Great World Race.' The former race director ended his involvement with the genuine marathon events after selling them. His backing of 'The Great World Race' primarily reflects a personal affiliation and support for this replicated event, which is a copy of the event he sold just months ago.

Although some image copyrights and trademark infringements were rectified, 'The Great World Race' is highlighted here due to its misleading and dishonest practices.

24.     Mr. Wang himself has shared these defamatory posts in his personal social media account. Exhibit 6 at p. 5.

25.     In fact, Mr. Wang went as far as to apply for registration of the mark "Not Great World Race" with the United States Patent and Trademark Office ("USPTO"). The Application for the "Not Great World Race" is attached hereto as **Exhibit 7.**

26.     After a decision by the Trademark Trial and Appeal Board in an inter parties proceeding, Mr. Wang was forced to abandon his application for the "Not Great World Race." *See* **Composite Exhibit 8.**

5

27. Further, from at least September 2023 through the present, Ms. Hu has contacted vendors and participants of TGWR, accusing TGWR of being the "fake 777" and accusing Mr. Kelly and Ice Cap of "doing something illegal."

28. As an example, Ms. Hu sent an email dated February 4, 2024, copying multiple third parties, again accusing Mr. Kelly of "doing something illegal", calling him a "thief", and calling TGWR the "fake 777." This email is attached hereto as **Exhibit 9.**

29. Moreover, Ms. Hu and Mr. Wang, the owners of Runbuk and the organizers of WMC, have used WMC's Instagram account to message TGWR participants, accusing Ice Cap and Mr. Kelly of stealing, violating the laws of the United States, and lying to the USPTO. *See* **Composite Exhibit 10**.

30. Mr. Wang has also personally taken to social media to reach out to participants of TGWR, including participants who are Florida residents, to again accuse TGWR of being a copycat event, accusing Mr. Kelly and Ice Cap of deliberately attempting to confuse people and stealing contents, and saying that Mr. Kelly has no experience in these sorts of event. An example of communications to this effect sent by Mr. Wang to a Florida resident, David Kilgore, on February 13, 2024, are attached hereto as **Exhibit 11.**

31. In addition to the accusations of illegal conduct, which are defamatory *per se*, the accusations that Mr. Kelly lacks experience in the sort of athletic events at issue here are false, given that Mr. Kelly has been involved in these events since his teenage years, both as a participant, medical professional, and organizer.

32. On May 25, 2024, Mr. Wang also emailed a TGWR participant, telling him that it is "unfortunate to see that you are participating in the so-called 'Great World Race,' which appears

to be a copycat event.", and again accusing Mr. Kelly of misleading the public. *See* email attached hereto as **Exhibit 12**.

33.     Then, in another email dated October 23, 2024, Mr. Wang and Ms. Hu, using their Runbuk email account, accuse Alvaro Nunez, a Florida resident who is a strategic business contact of TGWR, as well as Mr. Kelly and Ice Cap, of misleading the public and infringing on Runbuk's trademarks. This email is attached hereto as **Exhibit 13.** This email was sent to agents of 10X Health, a Florida based company.

34.     Mr. Wang and Ms. Hu's intent is clear: Ms. Hu and Mr. Wang want to defame Ice Cap and Mr. Kelly and intimidate participants and vendors of the TGWR, all in an attempt to gain total control over the very limited area of the sort of athletic events WMC and TGWR organize.

35.     As if all of this was not enough, Ms. Hu, who is a member of TOURS, the international association of marathon tour operators, has expressly threatened Mr. Kelly to leverage her membership in TOURS to damage his potential to operate and organize TGWR. Ms. Hu has made similar threats against those vendors, providers, and sponsors who work with Ice Cap, Mr. Kelly, and TGWR. It is notable that if Ms. Hu makes true on her promise, her company Runbuk will be left with no competitor in the market for organizing events to run marathons across the seven continents.

36.     This repeated pattern by Ms. Hu and Mr. Wang to interfere with Ice Cap's and Mr. Kelly's relationships with vendors and participants of TGWR has caused, and continues to cause, damages in the form of lost business, reputational damage, lost profits, actual damages, and attorney's fees and costs.

## COUNT I – TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS
### (By Ice Cap Against Defendants)

37.     Ice Cap repeats and realleges paragraphs one (1) through thirty-six (36) as though fully set forth herein.

38.     Ice Cap has existing and prospective business relationships with vendors, service providers, sponsors, and participants in connection with the organization and operation of TGWR.

39.     Mr. Wang and Ms. Hu have knowledge of Ice Cap's business relationships.

40.     Mr. Wang and Ms. Hu have intentionally and unjustifiably interfered with Ice Cap's business relationships in the manner set forth herein, including but not limited to disseminating defamatory statements about TGWR, Ice Cap, and Mr. Kelly, threatening TGWR participants with potential legal action, and attempting to discourage vendors, partners, and participants from associating with or participating in TGWR.

41.     Because Mr. Wang and Ms. Hu wrongfully interfered with TGWR and Ice Cap's business relationships, and because that interference was aimed at Florida residents, the Court has specific personal jurisdiction over Mr. Wang and Ms. Hu. *See* Exhibits 6, 11, 28; *see also Licciardelo v. Lovelady*, 544 F. 3d 1280, 1286 (11th Cir. 2008) (holding that international torts support the exercise of personal jurisdiction over nonresident defendants).

42.     As a direct result of Mr. Wang's and Ms. Hu's wrongful and intentional interference, Ice Cap has suffered damages in excess of $75,000, including lost registration of race participants, as well as relationships with sponsors and travel partners, lost profits, and attorney's fees and costs.

**WHEREFORE**, Ice Cap respectfully requests that this Court enter judgment in its favor and against Ms. Hu and Mr. Wang for compensatory damages in an amount to be proven at trial; which Plaintiffs reasonably estimate are in excess of $75,000; special damages as permitted by

law; punitive damages as allowed under Florida law; pre-judgment and post-judgment interest as permitted by law; costs of this action; and such other and further relief as the Court deems just and proper.

### COUNT II – DEFAMATION AND DEFAMATION *PER SE*
### (By Ice Cap and Kelly against Defendants)

43.     Ice Cap and Mr. Kelly repeat and reallege paragraphs one (1) through thirty-six (36) as though fully set forth herein.

44.     As detailed below and demonstrated by the exhibits attached herein, Ms. Hu and Mr. Wang have made and published, orally and in writing, statements to third parties, including participants, vendors, and members of the public, accusing TGWR of being an illegitimate event, and accusing Ice Cap and Mr. Kelly of engaging in "illegal" conduct, cheating, using deceptive and dishonest tactics, misleading the public, stealing content, violating the laws of the United States, and lying to the USPTO. Exhibits 6, 9-13.

45.     Defendants' statements are false. TGWR is a legitimate independently organized event, does not violate any law, and does not infringe any valid intellectual property rights of Defendants.

46.     Because the defamatory statements have been accessible and published in Florida, the Court has personal jurisdiction over Mr. Wang and Ms. Hu. *See* Exhibits 6, 11, 13; *see also Internet Solutions Corp. v. Marshall*, 39 So. 3d 1201, 1215 (2010).

47.     On information and belief, discovery will uncover several additional defamatory statements made by Ms. Hu and Mr. Wang which are defamatory against Ice Cap and Mr. Kelly.

48.     These false and defamatory statements by Ms. Hu and Mr. Wang attribute to Ice Cap and Mr. Kelly conduct, characteristics, or conditions incompatible with the proper exercise of a lawful business, trade, profession, or office.

49. These defamatory statements by Ms. Hu, and Mr. Wang have subjected Ice Cap and Mr. Kelly to hatred, distrust, ridicule, contempt, and disgrace, and have damaged their reputation in the running and endurance community.

50. The statements described above are false statements of fact and not opinion.

51. These defamatory statements by Ms. Hu and Mr. Wang have injured Ice Cap and Mr. Kelly in their trade or profession.

52. Ms. Hu and Mr. Wang made these defamatory statements with the requisite intent of malice or, at a minimum, negligence.

53. As a result of the wrongful defamatory statements by Ms. Hu and Wang, Ice Cap and Kelly have suffered damages in excess of $75,000, including but not limited to harm to their business reputations, loss of profits and business opportunities, and other damages, including attorney's fees and costs.

**WHEREFORE**, Ice Cap and Kelly respectfully request that this Court enter judgment in their favor and against Hu and Wang for compensatory damages in an amount to be proven at trial, which Plaintiffs reasonably estimate are in excess of $75,000; special damages as permitted by law; punitive damages as allowed under Florida law; pre-judgment and post-judgment interest as permitted by law; costs of this action; and such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury for all issues so triable.

Dated: March 18, 2026                    Respectfully submitted,

**AINSWORTH + CLANCY, PLLC**
1826 Ponce De Leon, Blvd.
Coral Gables, FL 33134
Telephone: (305) 600-3816
Facsimile: (305) 600-3817

10

*Counsel for Plaintiffs*

By: /s/ *Maria K. Casariego*
Maria K. Casariego, Esq.
Florida Bar No. 1058623
Ryan Clancy, Esq.
Florida Bar No. 117650
Email: maria@business-esq.com
Email: ryan@business-esq.com
Email: service1@business-esq.com

11